# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JEROME L. GRIMES,**

      **Plaintiff,**

**v.**                                                                 **Case No:  6:16-cv-308-Orl-37DAB**

**JOHN ERIKSEN and MANHEIM**
**AUTOMOBILE AUCTIONS,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **Motion for leave to proceed in forma pauperis/affidavit of indigency (Doc. No. 11)**
>
> **FILED:**      **March 16, 2016**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED and the Amended Complaint be DISMISSED**.

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a).   Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).   The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2).   A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v.*

*Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990). Moreover, the district court may dismiss a complaint under Section 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id*. at 640. "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id*. at 641, fn.2. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips*, 746 F.2d at 785, *citing Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979). Moreover, the district court can consider a plaintiff's long history of bringing unmeritorious litigation in deciding whether to dismiss a questionable claim. *See Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989); *Miller v. Donald*, 541 F.3d 1091, 1101 (11th Cir. 2008) ("[T]he court can consider [the prisoner's history of meritless litigation] in deciding to dismiss a questionable claim." (citing *Clark,* 915 F.2d at 641)).

Applied here, *pro se* Plaintiff has tendered a largely incoherent Amended Complaint which purports to seek damages and "an injunction for criminal charges to be filed against" an automobile auction company and its assistant general manager, for "their crazy, coincidental, and, cooky premeditated diesel truck covert terrorism and attempt of mass estate theft, plunder, illegal search,

and, illegal seizure in the commission of genocide those horrible days 09/11/01, etc.,." (Doc. 6). Upon review, the Amended Complaint must be dismissed.

Federal courts are courts of limited jurisdiction. Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (*i.e.,* "a civil action arising under the Constitution, laws, or treaties of the United States") in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and §1332.  Although it is well established that the pleadings of *pro se* litigants, like Plaintiff, must be liberally construed and "are held to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam), the Court will not rewrite Plaintiff's pleadings for him. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).  In order to survive dismissal, a Plaintiff must plead facts sufficient to show that his claim has substantive plausibility.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Under even the most liberal of interpretations, this Complaint fails to establish jurisdiction in this Court and fails to state a cognizable cause of action.  The Amended Complaint is frivolous, as a matter of law.

As the instant complaint is Plaintiff's second complaint in this docket,[1] and in view of the long history of other frivolous cases filed by this Plaintiff,[2] it is **RECOMMENDED** that the motion

---

[1] The initial Complaint, noted to contain "a litany of incomprehensible claims," was dismissed by the District Judge (Doc. 3).

[2] As Judge Byron recently observed in dismissing one of many other cases Mr. Grimes has filed in this court:

"The Court takes judicial notice of orders entered in the United States District Court, Northern District of California and the United States District Court, Western District of Louisiana. In case number 4:15-cv-436-JSW(PR), the Northern District of California noted that "[o]n May 18, 2000, this Court informed Plaintiff that under the 'three-strikes' provisions of 28 U.S.C. § 1915(g) he generally is ineligible to proceed *in forma pauperis* in federal court with civil actions filed while he is incarcerated." (citing *Grimes v. Oakland Police Dep't*, C 00-1100 CW (Order Dismissing Complaint, 5/18/00)). The court also noted that Plaintiff had filed "hundreds of civil rights actions seeking *in forma pauperis* status. *Id.*; *see also* 4:07-cv-1726-CW(PR). Additionally, in the Western

to proceed *in forma pauperis* be **denied** and the Court **dismiss** the Complaint, with prejudice. The Clerk of the Court should be directed to terminate any motions and close the file.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 18, 2016.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy

---

District of Louisiana, the court noted that Plaintiff has "filed more than 350 complaints and appeals [, and] [t]hree or more of them have been dismissed as frivolous." *See* Doc. 16, 5:12-cv-3159-EEF-MLH.[] A review of PACER confirms that Plaintiff has filed hundreds of actions in several district courts in the United States and has had three or more cases dismissed for failure to state a claim or as frivolous."

*Grimes v. Senninger,* Case No. 6:15-cv-2072-40GJK (Order, 12/11/15).